EDITH M. BLASS, Individually and as Administratrix of the Estate of GLENN A. BLASS, JR., Deceased, et al., Plaintiffs, *v.* PATRICK J. HENNESSEY, Appellant, and RICHARD COX, Respondent.

Fourth Department, May 16, 1974.

*Noble, Leary, Leary & Lynch (Joseph E. Lynch* of counsel), for appellant.

*Mackenzie, Smith, Lewis, Michell & Hughes (David J. Calverley* of counsel), for respondent.

MOULE, J.   On this appeal, we are asked to determine whether a settlement entered into between a plaintiff and one of two joint tort-feasors prior to the decision in *Dole* v. *Dow Chem Co.* (30 N Y 2d 143) bars the other from asserting a *post-Dole* cross claim against him for an apportionment of damages under the *Dole* rule.

In March of 1971, plaintiffs Edith and Glenn Blass commenced a wrongful death action against defendant-appellant Hennessey and defendant-respondent Cox, arising out of an automobile accident in Onondaga County in which their son, Glenn Blass, Jr., was killed.  In January of 1972, plaintiffs settled their action against Cox for $15,000 and executed a release in his favor. Two months later, in March of 1972, the Court of Appeals

decided *Dole* v. *Dow Chem. Co.* *(supra)*. Thereafter, in September of 1972, Hennessey served an amended answer and cross claim against Cox based upon the *Dole* theory of apportionment. Cox moved to dismiss Hennessey's cross claim on the ground that it was barred by the pre-*Dole* release. His motion was granted by Special Term on the authority of *Codling* v. *Paglia* (32 N Y 2d 330), and Hennessey appeals.

We think Special Term erred in dismissing Hennessey's cross claim. *Codling* v. *Paglia* *(supra)*, the case upon which Special Term relied, is distinguishable on its facts. That case presented the converse of the situation presently before us. In *Codling*, it was the settling tort-feasor who attempted to assert the post-*Dole* cross claim against the one who had not settled. In this case, it is the nonsettling tort-feasor who is asserting the claim. Therein lies a substantial difference.

In *Codling*, the Court of Appeals held that where one of two joint tort-feasors settled with the plaintiff prior to *Dole*, he could not then subsequently avail himself of *Dole's* provisions to impose the terms of his settlement by way of a *Dole* cross claim upon another tort-feasor who was not a party to it. The court, in deciding *Codling*, expressly recognized the general rule that the *Dole* principle of apportionment could be applied retrospectively to cases already in the judicial process (*Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25; *Frey* v. *Bethlehem Steel Corp.*, 30 N Y 2d 764), but refused to do so in the situation it had before it. The court said, " The liability of Chrysler to Codlings was established by jury verdict; the payment by Paglia, however, was by way of voluntary settlement. The participation of the parties in this settlement was completed prior to our decision in *Dole*. In our view it would be inappropriate *on these facts* to undo what has been done and, on the basis of present law, to nullify actions taken by the parties in reliance on the law as it then stood." (*Codling* v. *Paglia*, 32 N Y 2d 330, 344, *supra*; emphasis supplied.)

In the case now before us, where it is the nonsettling tort-feasor who is asserting the post-*Dole* cross claim, the reluctance to allow one tort-feasor to impose the terms of his private settlement upon the other, as evidenced by the *Codling* decision, does not apply. Moreover, to disallow the nonsettling tort-feasor's cross claim in this situation would be to defeat the very purpose of the *Dole* rule and to allow, as if *Dole* had never been decided, a disproportionate shifting of liability to the nonsettling tort-feasor regardless of his actual degree of blame.

Defendant-respondent Cox, the settling tort-feasor, urges that in entering into his settlement agreement with the plaintiffs,

he changed his position in reliance upon pre-*Dole* law and that his action, therefore, should not be disturbed. This argument, however, is illusory. Cox may have changed his position with respect to the plaintiffs, but he did not thereby change it with respect to his joint tort-feasor, Hennessey. Even under pre-*Dole* law, Cox's settlement was not 100% assurance that he would be free from further liability. Under the old active-passive negligence theory, he might still have been impleaded and required to indemnify Hennessey for the latter's remaining liability.

In sum, we do not believe that the decision in *Codling* v. *Paglia* (32 N Y 2d 330, *supra*) is a precedent here and hold that a non-settling tort-feasor should not be deprived of his *Dole* right to an apportionment merely because a joint tort-feasor settled with plaintiffs prior to *Dole*. Since, unlike *Codling,* the settling tort-feasor did not initiate the *Dole* claim, he too should have his right to an apportionment if it be determined that the amount for which he settled exceeded his actual percentage of responsibility.

The order of Special Term should be reversed.

WITMER, J. P., CARDAMONE, MAHONEY and DEL VECCHIO, JJ., concur.

Order unanimously reversed with costs and motion denied.