ZULLO LUMBER, A DIVISION OF TIDEWATER INDUSTRIES, INC., Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants-Respondents.

First Department, June 24, 1975

454

*Richard T. Sinrod* of counsel *(Bermack, Silberstein & Brodsky,* attorneys), for appellants-respondents.

*Mendel White* for respondent-appellant.

STEVENS, P. J. In these consolidated actions brought by plaintiff to recover for goods sold and delivered, defendants appeal from so much of an order. (WALTEMADE, J.) entered September 27, 1974 in Supreme Court, Bronx County, as denied their cross motion for an order granting summary judgment to plaintiff in each action in the total amount of $8,000; granting defendant S. S. Silberblatt, Inc. (Silberblatt) summary judgment on its counterclaim in each action; directing an assessment of damages on the counterclaims, and, further directing that plaintiff be stayed from entering judgment in its favor pending the determination of the amount

due Silberblatt on its counterclaims. Plaintiff cross-appeals from so much of the order as denied its motion for summary judgment. Defendants also appeal from that part of an order (SPECTOR, J.) entered December 12, 1974 in Supreme Court, Bronx County, which granted plaintiff's motion to compel an examination before trial of Silberblatt and denied their cross motion for a further examination before trial of plaintiff and to strike the action from the trial calendar on the ground that the case was not ready for trial.

The goods involved herein are building materials purchased by Silberblatt from plaintiff pursuant to a written contract for use in renovating buildings for defendant, New York City Housing Authority, at two sites, the Bedford-Stuyvesant site and the East New York site. In April, 1973, plaintiff instituted two actions to recover a balance allegedly due for the goods sold and delivered to Silberblatt, each action relating to a separate site. There were separate contracts calling upon the plaintiff to supply various types and quantities of lumber for each site, but the two contracts were similar in their terms.

Plaintiff asserts that its records indicate that on November 2, 1972, defendants owed it over $89,000. On that date, the parties entered into an agreement and plaintiff signed a release of all claims, calling for payment of $33,000, $20,000 at that time and $13,000 later, as full payment of the debt. Silberblatt paid $20,000 by check at the time of the execution of the release, and later paid $5,000 more by check dated January 18, 1973. Each check was accompanied by a letter indicating that the payment was reducing the balance due under the settlement. Sometime after receiving the $25,000, plaintiff filed two notices of lien, one for each job site, in the amounts of $33,442.46 and $26,988.82. Thereafter, plaintiff brought separate actions upon each lien, seeking judgment thereon, or alternatively, a personal judgment against Silberblatt. In its amended answers, Silberblatt pleaded the affirmative defense of release and counterclaimed for $50,000 damages allegedly caused by plaintiff's filing willfully exaggerated liens. The major question herein is the effect of the release on the rights of the parties.

Plaintiff urges that the release was given as an accommodation to Silberblatt, denies that there were preliminary negotiations which culminated in the execution of the release, and contends that there was a lack of consideration with respect to the release, thus rendering the release invalid.

Section 15-303 of the General Obligations Law provides: "A written instrument which purports to be a total or partial release of all claims, debts, demands or obligations, or a total or partial release of any particular claim, debt, demand or obligation, or a release or discharge in whole or in part of a mortgage, lien, security interest or charge upon personal or real property, shall not be invalid because of the absence of consideration or of a seal."

It is undisputed that Silberblatt made payments of $20,000 and $5,000 to plaintiff and that each payment bore some notation referring to the release. Plaintiff's contention that the release was an accommodation is unsupported by any documentary evidence and in our view, the affirmative defense of release is valid. From the record it appears fairly obvious that the release was given to settle a difference between the parties as to the amounts due. Defendants admit owing a balance of $8,000 on the release and summary judgment should be granted to plaintiff for this amount. However, Silberblatt has counterclaimed for damages, based upon plaintiff's filing of an alleged willfully exaggerated notice of lien. Therefore, since section 39-a of the Lien Law permits recovery upon proof of the filing of an exaggerated lien notice, resolution of that issue must await trial.

Accordingly, the order (WALTEMADE, J.) entered September 27, 1974, should be modified on the law, without costs or disbursements, to the extent of granting plaintiff summary judgment in the amount of $8,000 and staying execution thereof until determination of defendant Silberblatt's counterclaim.

As to the order (SPECTOR, J.) entered December 12, 1974, that order should be affirmed, without costs or disbursements. As the court noted, plaintiff has submitted to an examination before trial and nothing is shown to warrant the additional disclosure sought by defendants, nor is there a valid reason to strike the case from the trial calendar on the ground of unreadiness.

MARKEWICH, TILZER, LANE and YESAWICH, JJ., concur.

Order, Supreme Court, Bronx County, entered on September 27, 1974, unanimously modified, on the law, without costs and without disbursements, to the extent of granting plaintiff summary judgment in the total amount of $8,000 and staying execution thereof until determination of defendant Silber-

blatt's counterclaim; and order, Supreme Court, Bronx County, entered on December 12, 1974, unanimously affirmed, without costs and without disbursements.