■ PRATT PLUMBING AND HEATING, INC., Respondent, v ANTHONY MASTROPOLE, Defendant, and MARY L. MASTROPOLE, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 22, 1978 in Rensselaer County, which denied a motion by appellant for an order setting aside the verdict in plaintiff's favor. Plaintiff commenced this action to recover for $5,500 worth of materials and labor which it provided for the installation of a septic system on real property owned by defendants who were then husband and wife. Following completion of the project, defendants separated, and thereafter the corporate president of plaintiff met with defendant Anthony Mastropole and executed a written statement dated July 22, 1976 which reads as follows: "TO WHOM IT MAY CONCERN: We are holding Anthony Masterpole [sic] solely responsible for the cost of the installation of a new septic system at 41 Orchard Road, Castleton, N. Y. Invoice rendered January 16, 1976. Very truly yours, Pratt Plumbing and Heating, Inc. /s/ James I. Pratt, President." The following day defendants entered into a separation agreement and they were subsequently divorced. As a result, appellant is now the sole owner of the real estate in question, and it must further be noted that defendant Anthony Mastropole has been discharged in bankruptcy from this claim of plaintiff. With these circumstances prevailing, appellant sought at the trial of this action to avoid liability to plaintiff upon the ground that the signed statement of James Pratt served to release her from any liability on the claim. Holding that the purported release was without legal effect because plaintiff received no consideration therefor, the court rejected this contention and directed a verdict in favor of plaintiff and against appellant in the amount of $5,500. When appellant later moved to vacate this directed verdict and for a directed verdict in her favor, her motion was denied and this appeal ensued. Initially, we conclude that the language contained in James Pratt's statement was sufficient to constitute a release of plaintiff's claim against appellant. No particular form need be used in drafting a release, and the party to be released need not be specifically designated in the instrument (see 49 NY Jur, Release and Discharge, § 5). All that is required is that there be an expression of a present intention to renounce a claim or discharge an obligation (Tams-Witmark Music Lib. v New Opera Co., 272 App Div 342, affd 298 NY 163). In this instance, by the statement of its president, plaintiff unequivocally expressed a present intention to hold Anthony Mastropole solely responsible for payment of the $5,500. By necessary and undeniable implication, it thereby also expressed its intention to release appellant from any obligation relative to the debt. Additionally, the fact that plaintiff received no consideration in return for the release does not serve to render the instrument without legal effect. Where, as here, the release is embodied in a written instrument signed by the party renouncing the claim or discharging the obligation, the release is plainly not invalidated because of the absence of consideration (General Obligations Law, § 15-303; see, also, Zullo Lbr. v New York City Housing Auth., 48 AD2d 453). Such being the case, the court should not have directed a verdict in favor of plaintiff, and to the extent that it sought to set aside the verdict, appellant's subsequent motion should have been granted. Since factual issues were apparently raised at the trial indicating that the release may have been procured through misrepresentation, however, appellant is likewise not entitled to a directed verdict in her favor, and the matter must be remitted for a new trial (cf. Fleming v Ponziani, 24 NY2d 105). Order reversed, on the law and the facts, motion to

set aside verdict granted and a new trial ordered, with costs to abide the event. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.