■ JOHN M. CARPENTER et al., Respondents, v MARGUERITE MACHOLD, Appellant, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered October 7, 1980 in Fulton County, which denied defendant Machold's motion to dismiss plaintiffs' complaint as against her. Plaintiff John Carpenter, while doing repair work at defendant Machold's home, slipped and fell off a ladder. He thereafter signed a document which reads as follows: "To Marguerite Machold I do not intend to sue you for my injuries of February 23, 1978 at your house." Plaintiff subsequently commenced a lawsuit against defendant Machold and others for injuries sustained in the fall. Defendant Machold moved to dismiss the complaint alleging that plaintiff had released her from liability by execution of the afore-mentioned document. The motion was denied. We concur with the finding of Special Term. To constitute a release, a writing must contain an expression of a present intention to renounce a claim (*Pratt Plumbing & Heating v Mastropole,* 68 AD2d 973). It need not be supported by consideration. It suffices if it is in writing (General Obligations Law, § 15-303). In arriving at the meaning of a written instrument, the natural and ordinary meaning of the language used will be imparted to it. An analysis of the language of the instant document indicates that the promisor had a present intention not to sue defendant Machold. However, the document bears no words of release, discharge or renunciation as are required in a writing purporting to be a release. The words, "I do not intend" cannot be equated with the required explicit, unequivocal statement of a present promise to release defendant from liability. Order affirmed, without costs. Main, Mikoll and Weiss, JJ., concur; Kane, J. P., and Yesawich, Jr., J., dissent and vote to reverse in the following memorandum by Kane, J. P.

Kane, J. P. (dissenting). We disagree. Contrary to the conclusion reached by the majority, we find that the writing in question unequivocally expressed a present intention to release defendant Machold from any liability for injuries sustained by plaintiff John Carpenter at defendant's home. Accordingly, the subject writing constitutes a release barring the action against defendant Machold (*Pratt Plumbing & Heating v Mastropole,* 68 AD2d 973). We would, therefore, reverse the order, grant the motion, and dismiss the complaint as against this defendant.