■ STRUCTURAL PAINTING CORP., Plaintiff, v TRAVELERS INDEMNITY COMPANY, Defendant. STRUCTURAL PAINTING CORP., Plaintiff, v PERLSTEIN BUILDERS, INC., Defendant and Third-Party Plaintiff-Appellant. NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Third-Party Defendant-Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered August 19, 1981 in Ulster County, which granted the third-party defendant's motion for summary judgment dismissing the third-party plaintiff's complaint. Perlstein Builders, Inc. (Perlstein), third-party plaintiff, entered into an agreement with the New York State Urban Development Corporation (UDC), third-party defendant, to construct a residential housing project in Kingston, New York. Perlstein, as general contractor, hired plaintiff Structural Painting Corporation (Structural), as subcontractor to perform exterior painting on the project. Upon completion of the project and in consideration of the final payment, Perlstein executed two general releases to UDC, dated August 19, 1974. In October, 1975, Structural commenced an action against Travelers Indemnity Company a surety on a performance bond secured on behalf of Perlstein. Subsequently, Structural commenced an action

against Perlstein and in both actions contends that Perlstein owes it approximately $20,000 for extra work done. Perlstein denied ordering any extra work and maintained that any such work was the result of an agreement between Structural and UDC. Perlstein served a third-party summons and complaint on UDC for indemnification. UDC moved for summary judgment based on the general releases given by Perlstein. Special Term granted the motion by UDC and this appeal ensued. It is well established that where the language of the release is clear and unambiguous, effect must be given to the intent of the parties as evidenced by the language employed (*Matter of Schaefer,* 18 NY2d 314). If it is contended that a contrary meaning was intended, the releasor must bear the burden of establishing that the general language, valid on its face, does not represent the intent of the parties (*Mangini v McClurg,* 24 NY2d 556, 563). Perlstein has failed, in our opinion, to sufficiently raise a question of fact in this regard. The instant releases provided that UDC was released from all claims of every nature and kind arising out of the project and that Perlstein would indemnify and hold harmless UDC against any and all demands of subcontractors. One of the releases contained the following specific provision: "That General Contractor will pay all amounts due subcontractors and materialmen and will furnish to UDC, within one (1) week of making payment, a subcontractor's release * * * in form satisfactory to Housing Company and UDC, and will indemnify and hold harmless UDC, Housing Company and Partnership against any and all claims and demands of subcontractors in respect of work performed or material supplied in respect of the Project." A fair reading of the releases demonstrates that the language is clear and unambiguous and that they contain no language of limitation or exception. In our view, the releases in question, contrary to Perlstein's assertions, clearly preclude Perlstein from recovering in its third-party action against UDC and, therefore, Special Term properly granted summary judgment to UDC. We have examined Perlstein's remaining arguments and find them unpersuasive. Accordingly, the order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.