**Elizabeth BARRETT, Individually and as Administratrix of the Estate of Harold Blauer, Deceased, Plaintiff,**

v.

**UNITED STATES of America, James Cattell, Newton Bigelow, Estate of Amedeo S. Marrazzi, and William M. Creasy, Defendants.**

**UNITED STATES of America, Third-Party Plaintiff,**

v.

**George F. SCHNACK, Third-Party Defendant.**

**William M. CREASY, Third-Party Plaintiff,**

v.

**George F. SCHNACK, Third-Party Defendant.**

**ESTATE OF Amedeo S. MARRAZZI, Third-Party Plaintiff,**

v.

**George F. SCHNACK, Third-Party Defendant.**

**No. 76 Civ. 381 (CBM).**

United States District Court, S.D. New York.

Oct. 22, 1986.

MOTLEY, Senior District Judge.

OPINION

The federal defendants in this case, who are charged by plaintiff with liability in the 1953 death of Harold Blauer pursuant to Army chemical warfare experiments, and with the alleged subsequent cover-up of their wrongful acts, have each filed a third-party complaint against George F. Schnack, seeking contribution or indemnification. Third-party defendant George F. Schnack has now moved to dismiss the third-party complaints of the federal defendants in this suit on the grounds that the complaints fail to state a claim upon which relief can be granted and that this court lacks personal jurisdiction over third-party defendant Schnack. In the alternative, Schnack moves for a more definite statement pursuant to Fed.R.Civ.P. 12(e).

Familiarity with the background of this case, which has been spelled out in numerous prior decisions by this court and by the Court of Appeals, is assumed. For purposes of this motion, suffice it to say that George F. Schnack, the third-party defendant, was one of Harold Blauer's treating physicians at the New York Psychiatric Institute at the time of Blauer's death. Although Schnack was originally named by plaintiff as a defendant in this suit, in 1980 he was dismissed from the suit with prejudice pursuant to stipulation between the parties and an order of voluntary dismissal. The essence of Schnack's current motion to dismiss the third-party complaints against him is that his 1980 dismissal from this action bars any claim for contribution or indemnification by the federal defendants.

The July 8, 1980 stipulation between the parties dismissing Schnack from this lawsuit and which was signed by Schnack's counsel and plaintiff's then counsel at the law firm of Arnold & Porter, reads as follows:

IT IS HEREBY STIPULATED AND AGREED BY THE UNDERSIGNED that the above-entitled action against George Schnack be dismissed with prejudice, each party to bear his own costs.

Nothing contained herein shall be construed as a dismissal, release or other settlement of claims against other defendants in this and other actions.

In addition, on June 30, 1980, plaintiff moved pursuant to Fed.R.Civ.P. 41(a)(2) for an order dismissing with prejudice its suit against Schnack. The district court granted this motion, which was unopposed, on August 7, 1980.

■ Third-party defendant Schnack argues that under principles of *res judicata,* the 1980 district court order dismissing him with prejudice as a defendant in this case bars any third-party action against him. Schnack contends that since the order was issued pursuant to plaintiff's motion for a voluntary dismissal, a motion which was unopposed by the other defendants, the order constitutes a judgment on the merits that Schnack was free from tort liability in this suit and should be given *res judicata* effect.

For a judgment in a prior action to have *res judicata* effect as a judgment on the merits, it is firmly established that the judgment "must have been rendered by a court of competent jurisdiction, been a final judgment on the merits, and the same cause of action and the same parties or their privies were involved in both suits." *Herendeen v. Champion International Corp.,* 525 F.2d 130, 133 (2d Cir.1975). *Res judicata* is not applicable in the present context because the judgment which Schnack argues has *res judicata* effect is not a judgment in a prior lawsuit but instead an interlocutory decision in this same lawsuit. *See Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) ("The general rule of 'res judicata' applies to repetitious suits involving the same cause of action.") Moreover, the requirement that the prior judgment involve the same parties is not met here. The third-party plaintiff federal defendants had not yet answered plaintiff's complaint as of the time Schnack was dismissed from this case in 1980. Each had pending motions to dismiss. Thus, they did not even have stand-

ing to oppose the dismissal at that time. Furthermore, where, as here, codefendants did not actively litigate the prior action as adversaries, it is clear there can be no *res judicata* effect. *RX Data Corp. v. Dept. of Social Services*, 684 F.2d 192, 196 (2d Cir.1982).

■ Schnack argues in the alternative that the federal defendants' third party claims against him are barred because the 1980 order and stipulation of dismissal constitute a release or a covenant not to sue within the meaning of New York General Obligation Law section 15–108(a). New York Gen.Oblig.Law 15–108(b) provides that a "release given in good faith by the injured person to one tortfeasor … relieves him from liability to any other person for contribution.…"

In determining whether a written instrument constitutes a release, the language of the instrument is to be given its natural and ordinary meaning. *Carpenter v. Machold*, 86 A.D.2d 727, 447 N.Y.S.2d 46, 47 (3d Dept.1982). The intent of the parties is the key to determining whether a writing is a release. To constitute a release, a writing need only contain an expression of a current intent to renounce a claim. *Id.*, N.Y.Gen.Oblig.Law section 15–303 (McKinney 1978). While the writing must manifest such an intent, no set form nor any special words need be used. *Bank of America v. Gillaizeau*, 766 F.2d 709, 713 (2d Cir.1985).

It is clear on the face of both the order of voluntary dismissal and the stipulation of dismissal at issue in this motion, that plaintiff intended to give Dr. Schnack a release. Accordingly, no other evidence of intent may even be considered. *See id.* at 715; *see also Ehrlich v. Abrams Instrument Corp.*, 53 A.D.2d 825, 385 N.Y.S.2d 299, 301 (1st Dep't 1976). The stipulation executed by plaintiff's then counsel, Arnold & Porter, and signed by counsel for both plaintiff and Schnack, states that the action against Dr. Schnack was dismissed with prejudice, thus indicating unequivocally that plaintiff had chosen to surrender any cause of action she might have against Dr.

Schnack. Furthermore, the stipulation expressly indicates that in contrast to its effect on Dr. Schnack, it was not to be construed as a release or other settlement of claims against any other defendants in this or other actions. In addition, plaintiff's contemporaneous motion to the court in 1980 for a dismissal with prejudice of her claims against Dr. Schnack leaves no room for doubt that plaintiff did intend to release Dr. Schnack from all claims she might have against him.

Since the 1980 dismissal of Dr. Schnack has been found to constitute a release within the meaning of N.Y.Gen.Oblig.Law 15–108(a), the federal defendants' claim against Dr. Schnack for contribution is barred. N.Y.Gen.Oblig.Law 15–108(b). *See also Westchester County v. Welton Becket Assoc.*, 102 A.D.2d 34, 478 N.Y.S.2d 305, 315 (2d Dep't 1985), *aff'd*, 66 N.Y.2d 642, 495 N.Y.S.2d 364, 485 N.E.2d 1029. Should there be a finding of liability against the federal defendants at trial, however, they are entitled to have their verdict reduced by the greater of either Dr. Schnack's equitable share of liability as determined by the jury, or any amount paid by Schnack in consideration for the release. N.Y.Gen.Oblig.Law section 15–108(a). *See also Driscoll v. New York City Transit Authority*, 385 N.Y.S.2d 540, 543, 53 A.D.2d 391 (1st Dep't.1976).

This court's finding that plaintiff's 1980 dismissal of Dr. Schnack from this lawsuit does not bar a third-party claim for indemnification because N.Y.Gen.Oblig.Law 15–108 bars only claims for contribution against released parties. Third party plaintiffs do not state a claim for indemnification against Dr. Schnack, however, because there is and was no indemnification relationship between Dr. Schnack and the federal defendants. *See Ramirez v. National R.R. Passenger Corp.*, 576 F.Supp. 95 (S.D.N.Y.1983) (applying New York State law). Furthermore, as pleaded in plaintiff's amended complaint, the role of the federal defendants in the alleged tortious conduct was active rather than passive. *See Johnson Controls, Inc. v. Rowland Tomp-*

*kins Corp.,* 585 F.Supp. 969, 973 (S.D.N.Y. 1984); *Kantlehner v. United States,* 279 F.Supp. 122, 128 (E.D.N.Y.1967).

In accordance with the above, third-party plaintiffs' claims against Dr. George Schnack for contribution and indemnification are dismissed. The remaining aspects of third-party defendant's motion thus need not be reached. Should third-party plaintiffs be found liable in this action for the same injury as to which Dr. Schnack was released from liability, they are entitled to have the verdict entered against them reduced in accordance with the provisions of N.Y.Gen.Oblig.Law 15–108(a), as discussed above.