■ STATE OF NEW YORK, Respondent, v UPSTATE STORAGE, INC., Appellant and Third-Party Plaintiff-Respondent. PLEASE-MORE CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants.—Weiss, J. Appeal from an order of the Supreme Court (Hughes, J.), entered August 17, 1987 in Albany County, which denied motions by defendant and third-party defendant Please-More Construction Company, Inc., for summary judgment dismissing the complaint and third-party complaint, respectively.

This action seeks recovery of the value of plaintiff's foodstuffs which were destroyed while in storage in defendant's warehouse. The food had been given to plaintiff by the United States Department of Agriculture for distribution to certain institutions, agencies, camps, child care centers and schools. The third-party complaint seeks recovery over against the third-party defendants for their negligence in the construction of the warehouse building. The collapse of the second floor on July 9, 1984 resulted in the damage to plaintiff's property. By letter dated January 29, 1985, Ernest Berger, head of plaintiff's Bureau of Donated Foods Distribution, without apparent authorization, advised defendant that the Department of Agriculture had concurred with "our recommendation that no claim be made" against defendant for the loss of foodstuffs. The letter further stated, "We are, therefore, closing our file on this matter." Supreme Court denied a motion by third-party defendant Please-More Construction Company, Inc., for summary judgment dismissing the third-party complaint and the cross motion by defendant for summary judgment dismissing the complaint, both of which were premised on Berger's purported "release" letter. Both have appealed.

The facts being undisputed, the principal issue is whether Berger's January 29, 1985 letter to Gerald Derfort, president of defendant, constituted a release by plaintiff and, if so, whether Berger was authorized by law to execute a valid release binding upon plaintiff.

In determining whether the letter constitutes a release, we must look to its language to determine Berger's intent without resort to extrinsic evidence, unless we find the language to be ambiguous as a matter of law *(see, Wells v Shearson-Lehman/American Express,* 72 NY2d 11, 19). The letter states only that "the U.S. Department of Agriculture has concurred with our recommendation that no claim be made against your warehouse" and that Berger was closing his file. We find this language insufficient to constitute a binding release against plaintiff. While no particular form need be used in a release *(Pratt Plumbing & Heating v Mastropole,* 68 AD2d 973), a writing must contain an expression of a present intention to renounce a claim or discharge an obligation *(Carpenter v Machold,* 86 AD2d 727). Here, unlike the situation in *Pratt Plumbing & Heating v Mastropole (supra),* the letter does not recite a present intention to renounce the claim or forever discharge defendant from any obligation to pay for the damaged goods. Instead, there is only a recommendation to the Department of Agriculture that no claim be made. The absence of the requisite words of release, discharge or renunciation, required in a writing purporting to be a release, negates its validity *(see, Carpenter v Machold, supra).*

The Berger letter fails as a release for several other reasons. Plaintiff may not make a gift of public funds by releasing a contractual obligation without due consideration (NY Const, art VII, § 8; *cf., Pratt Plumbing & Heating v Mastropole, supra* [only private parties involved]). Berger's actions in sending the letter were clearly gratuitous. Nor may estoppel be asserted against plaintiff under the circumstances described *(see, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370; *Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849, 851-852; *Parsa v State of New York,* 64 NY2d 143, 147). The letter cannot serve as a binding contractual release since it was not approved by the Comptroller (State Finance Law § 112 [2], [3]; *Parsa v State of New York, supra; Landers v State of New York,* 56 AD2d 105, 108-109, *affd* 43 NY2d 784). Finally, we agree with Supreme Court's assessment that Berger lacked independent authority to release defendant's contractual obligation to plaintiff. The Legislature has specifically vested the Attorney-General with the authority to control all actions or proceedings in which plaintiff has an interest (Executive Law § 63 [1]). Implicit in this authorization is the power to release a viable cause of action that has accrued to plaintiff prior to the commencement of formal litigation.

Order affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.