■ GEORGE A. BECKLEY et al., Respondents, v CITY OF SCHENECTADY, Appellant.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered May 7, 1990 in Schenectady County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered May 7, 1990 in Schenectady County, which denied defendant's motion to set aside the verdict.

Plaintiffs brought this action against defendant, the City of Schenectady (hereinafter City), for the sum of $6,850, representing one half of their expenses in renovating a two-family dwelling at 803 Grant Avenue in the City that had been acquired for rental income and/or profitable resale. Plaintiffs essentially alleged that, pursuant to a Federally funded City program for the rehabilitation of low income rental housing, known as SARAP, City officials agreed and represented that plaintiffs would be reimbursed for one half of their costs upon completion of stipulated repairs to make the premises habitable and to cure all violations of the City's building code. Their complaint set forth causes of action in breach of contract, fraud and negligent representation.

The proof was that 803 Grant Avenue was the last of some 10 or 12 properties acquired and renovated by plaintiffs pursuant to the SARAP program. The City's written SARAP guidelines set up the procedure whereby an application for funding would be filed with the City's housing department, after which a City inspector would examine the premises and issue a report identifying the repairs necessary to eliminate all code violations. The applicant would have to obtain written bids from at least two contractors for the required renovations, following which the City would issue a commitment letter. Payment would be made upon verification of the satisfactory completion of the work. The guidelines expressly directed applicants not to proceed with the work until receipt of a commitment letter and advised that work done before issuance of such a letter "will be found ineligible". Plaintiffs signed a written acknowledgment of having read the guidelines and also admitted that the report of initial inspection of 803 Grant Avenue also contained a form instruction not to begin the work until receipt of the commitment letter.

Plaintiffs' evidence was that they applied for SARAP funding for the 803 Grant Avenue renovation in June 1985 and completed the project the following October. After applying for reimbursement, they were notified that post-October 1, 1985 Federal funding had not been made available and, accordingly, applicants such as plaintiffs who had not previously received a letter of commitment would not receive reimbursement.

Although plaintiffs conceded that they never received a commitment letter regarding the 803 Grant Avenue project, it was their testimony that the general practice of City administrators of the SARAP program on their previous, completed projects, for which they received appropriate payment by the City, was to direct them to begin the work and often complete all construction before any commitment letter was executed. They further testified that the administrator handling their application for funding at 803 Grant Avenue directed them to proceed with the renovations without a commitment letter and assured them that they would be paid upon completion of the work. Supreme Court denied the City's motions to dismiss at the end of plaintiffs' case and at the close of the proof and submitted the case to the jury on all three causes of action. The jury returned a verdict in favor of plaintiffs on their breach of contract claim. This appeal followed.

There should be a reversal. Viewing the evidence in the light most favorable to plaintiffs as the prevailing parties, the

most that was established is that City administrators of the SARAP program orally waived the requirement of receipt of a prior commitment letter before commencement of the work and orally assured plaintiffs of payment. The uncontradicted and unimpeached testimony of City housing department staff was that Federal funding for the SARAP program had ceased before plaintiffs' project at 803 Grant Avenue was completed and reimbursement was sought. Payment out of City funds, rather than from the Federal grant, to reimburse plaintiffs for their expenditures in improving their own private property would have run afoul of the State constitutional provision barring gifts of municipal funds (NY Const, art VIII, § 1; *see, Kradjian v City of Binghamton,* 104 AD2d 16, 18; *see also, Cooper v Wertime,* 164 AD2d 221, 223; *Incorporated Vil. of Sag Harbor v Chelberg & Battle Post No. 388,* 12 AD2d 520, 521).

A *sine qua non* to any arguably legitimate use of City funds to reimburse plaintiffs for their personal expenditures would have been a legislative authorization for such payments, declaring that rehabilitation of low income, privately owned rental housing constituted a public purpose *(see, Corning v Village of Laurel Hollow,* 48 NY2d 348, 350; *Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51-52; *Murphy v Erie County,* 28 NY2d 80, 87-88; *Horton v Andrus,* 191 NY 231, 237-238; 1980 Opns Atty Gen 250, 251-252; 1978 Opns Atty Gen 139, 140). No such statutory authority to use municipal funds for plaintiffs' improvements exists here, and it was to insure that only Federal grant money would be used that the planners of the SARAP program inserted the requirement in the guidelines that work on a rehabilitation project would not proceed before issuance of a commitment letter by the City.

It follows from the foregoing that the City administrators of the SARAP program lacked the legal authority to waive the guidelines requirement regarding prior receipt of a commitment letter and to unconditionally bind the City to reimburse plaintiffs for their expenditures irrespective of the availability of Federal funds as a source of such payment *(see, Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 131-132; *Seif v City of Long Beach,* 286 NY 382, 387; *State of New York v Upstate Stor.,* 145 AD2d 714, 715). Accordingly, plaintiffs have no remedy against the City for its failure to reimburse them for expenditures to improve their property at 803 Grant Avenue. The judgment in their favor therefore cannot stand.

Mahoney, P. J., Yesawich Jr., Mercure and Crew III, JJ.,

concur. Ordered that the judgment and order are reversed, on the law, without costs, and complaint dismissed.