HUTCHINSON, Circuit Judge,
Concurring and Dissenting.
I concur in the decision to vacate the district court’s judgment in favor of Hateo on its claim for contribution from Grace. I agree that the district court incorrectly applied federal rather than New York law to interpret the meaning of the ambiguous provisions in the sales agreement governing Hatco’s responsibility for liabilities arising out of Grace’s prior operation of its “chemical business” on the real property Hatco purchased. See Beazer East, Inc. v. Mead Corp., 34 F.3d 206 (3d Cir.1994), cert. denied, — U.S. -, 115 S.Ct. 1696, 131 L.Ed.2d 559 (1995). I respectfully disagree, however, with the Court’s conclusion that New York law requires the applicable provisions of the sales agreement to be construed as a release rather than a promise to indemnify. I believe that these provisions are also ambiguous as to whether the parties intended to release or indemnify Grace against such liabilities. Indeed, Hateo’s release is Grace’s indemnity. Thus, I believe their characterization as a release or an indemnity is a question of fact that should be decided by the district court in the first instance.
New York law is not a model of clarity in distinguishing releases from agreements to indemnify. Compare Structural Painting Corp. v. Travelers Indem. Co., 88 A.D.2d 743, 451 N.Y.S.2d 875, 876 (1982) with Walsh v. Morse Diesel, Inc., 143 A.D.2d 653, 533 N.Y.S.2d 80, 83 (1988). In New York, as elsewhere, a polluter seeking indemnity against the cost of abating its pollution must establish an unmistakable intent to indemnify as well as the extent of the indemnification by clear evidence. Heimbach v. Metropolitan Transp. Auth., 75 N.Y.2d 387, 553 N.Y.S.2d 653, 657, 553 N.E.2d 242, 246 (N.Y.1990) (citations omitted). New York law, on the other hand, allows a releasee to establish intent to release by a mere “expression of a present intention to renounce a claim.” Carpenter v. Machold, 86 A.D.2d 727, 447 N.Y.S.2d 46, 47 (1982) (citation omitted). Moreover, once a document construed as a release is held to be ambiguous, the burden of proving the kinds of harm that are not subject to the release shifts to the releasor. Structural Painting, 451 N.Y.S.2d at 876.
Unfortunately, the uncertainty that arises in applying these distinctions to disputes among two or more polluters of a single site over payment of the cost of abating contamination each has contributed to seems to me likely to increase the already staggering transactional costs of CERCLA litigation. I am especially reluctant to hold, as a matter of law, that New York would construe an agreement like the one before us as a release if, as the Court indicates, it introduces the factor of who acts first into the process of distinguishing agreements of release from promises to indemnify. See Majority Op. at 406-07. This could import into CERCLA litigation an incentive for a polluter to delay the start of clean up lest this publicly responsible act may prove privately costly. Thus, I believe CERCLA’s goal of expeditious environmental cleanup will be better served by interpreting provisions in ambiguous agreements for allocation of the cost of abating pollution among polluters as agreements of indemnity rather than agreements of release, when applicable local law makes that possible.
Accordingly, though I concur in the Court’s mandate remanding this case to the district court for reconsideration of Hatco’s claim for contribution under New York rather than federal common law, I would also leave the district court free to decide, in the first instance, whether the parties intended an agreement of release or one of indemnity.[1]
*417 Present: BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ROTH, LEWIS, MCKEE, SAROKIN and WEIS,* Circuit Judges.
SUR PETITION FOR REHEARING
Aug. 8, 1995
The petition for rehearing filed by appellee in the above entitled ease having been submitted to the judges who participated in the decision of this court and to all other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied. Judge Hutchinson would have granted rehearing.

. I agree with the Court that additional evidence may be needed on remand concerning Kaufman's and Seabrook's knowledge of the extent to which the site was polluted before the sale. In *417 addition, I note my full agreement with the scholarly analysis the Court adduces to support its rejection of Grace’s contention that it has a Seventh Amendment constitutional right to a jury trial on its CERCLA claims.