■ Thomas F. Fatone et al., Respondents, v City of Troy, Appellant. [653 NYS2d 195] —Mercure, J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 20, 1996 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs are the owners of a multiunit apartment building at 61 Vandenburgh Avenue in the City of Troy, Rensselaer County. Prior to June 1993, the property had parking facilities for eight vehicles, accessible from Vandenburgh Avenue. During the summer of 1993, defendant performed street work on

Vandenburgh Avenue that resulted in the elimination of the parking spaces as well as the means of access thereto. Plaintiffs notified defendant of their alleged claim for damages sustained as a result of the street work. Negotiations ensued and ultimately plaintiffs and defendant's former City Manager entered into a November 18, 1993 construction contract essentially providing that, in exchange for plaintiffs' release of any claim for damages arising out of the Vandenburgh Avenue construction work, defendant agreed to construct an exterior stairway and parking lot on plaintiffs' property, together with a right-of-way for access thereto.

Defendant commenced the contracted construction work during 1993 but stopped work for the winter months with the intention of completing the job the following spring. During the intervening period, however, defendant underwent a change of administration, with the City Manager and Corporation Counsel who executed and approved the construction contract leaving office at the end of 1993. Taking the position that the work on Vandenburgh Avenue did not result in a taking of any of plaintiffs' property and that the construction contract had never been approved by ordinance of defendant's City Council and, in any event, constituted an illegal agreement to bestow a gift on private individuals, defendant has since January 1994 been unwilling to perform under the contract.

Plaintiffs thereafter filed a notice of claim and commenced this action, alleging various causes of action for specific performance of the construction contract and damages based upon defendant's breach of the construction contract, breach of the implied covenant of good faith, fraudulent misrepresentation, negligence and, in connection with the 1993 work on Vandenburgh Avenue, trespass and wrongful taking. Following joinder of issue, discovery and other motion practice, defendant made the current motion for summary judgment dismissing the complaint. Citing to the existence of factual issues concerning the necessity for City Council approval of the November 1993 construction contract or whether such approval had already been obtained in connection with the Vandenburgh Avenue reconstruction project, and concluding that defendant was in any event estopped from denying its authority to enter into the construction contract, Supreme Court denied the motion. Defendant appeals.

In view of defendant's uncontroverted factual showing that the 1993 work on Vandenburgh Avenue was limited to City-owned property, that defendant's City Council did not approve

the November 1993 construction contract and that said contract was illegal and ultra vires, we conclude that defendant was entitled to summary judgment dismissing the complaint in its entirety. We shall accordingly reverse Supreme Court's order and grant defendant's motion.

We first note that neither plaintiffs' complaint nor their bill of particulars alleges that any of defendant's acts in connection with the expansion, widening, reconstruction or realignment of Vandenburgh Avenue, the erection and installation of a public sidewalk to the west of its relocated and reconstructed westerly curb, the destruction of preexisting curb cuts or the elimination of the parking lot utilized by plaintiffs' tenants involved real property situated outside of defendant's highway right-of-way. As such, we are not persuaded that defendant had the burden of producing a survey or other expert evidence concerning the location of its highway right-of-way relative to plaintiffs' parking area. In any event, defendant supported its summary judgment motion with an affidavit of former Senior Engineer Richard Luby stating his belief that the curbline was not extended beyond defendant's right-of-way. Despite the fact that plaintiffs' bill of particulars indicated that they had a September 27, 1994 survey performed, they did not offer that survey or any other relevant evidence to controvert defendant's evidentiary showing. In fact, plaintiff's submission bolstered defendant's submission by also presenting the deposition testimony of Senior Engineer David Bailey, who stated that measurements taken from existing property lines led him to conclude that the subject highway and sidewalk improvements did not extend beyond defendant's right-of-way. Under the circumstances, we credit defendant's assertion that there was simply no taking in connection with the work on Vandenburgh Avenue. It necessarily follows that plaintiffs suffered no damage, that their release, given as consideration for the November 1993 construction contract, was valueless and that plaintiffs' trespass cause of action is meritless.

Also uncontroverted is defendant's evidence that the work that it was to have performed under the November 1993 construction contract constituted an unauthorized and impermissible public improvement of private property. In that connection, defendant made a competent showing that its City Charter requires City Council approval for the appropriation of City funds and authorization for public improvements, thereby rendering the construction contract unenforceable (*see,* Troy City Charter §§ 2.08, 3.08, 5.23, 9.07; *Parsa v State of New York,* 64 NY2d 143, 147; *Town of Ithaca v Village of*

*Cayuga Hgts.*, 184 AD2d 78, 83). Further, the evidence showed that the property to be improved under the November 1993 construction contract was owned by plaintiffs and, thus, that the work performed thereunder constituted an impermissible gift of public funds (*see, Admiral Realty Co. v City of New York*, 206 NY 110; *Beckley v City of Schenectady*, 175 AD2d 349, 351). Plaintiffs make no serious argument to the contrary, but merely postulate that the agreement to improve their private realty may constitute a "change order" to the Vandenburgh Avenue project, which did receive the requisite approval. We find the argument to be lacking in factual, legal or logical support.

Finally, we perceive no compelling basis for deviating from the general rule that a claim against the State or one of its subdivisions may not be grounded upon the doctrine of equitable estoppel based upon public officials' actions in excess of their authority, which authority is a matter of public record (*see, Maidgold Assocs. v City of New York*, 64 NY2d 1121, 1123-1124). Unlike the situation in *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), relied upon by Supreme Court, in this case plaintiffs have not been precluded from filing a notice of claim or asserting their claim for damages for defendant's asserted tortious trespass (although there is no merit to the claim), which is pleaded in the seventh cause of action of their complaint.

The parties' remaining contentions have either been found unavailing or need not be considered.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.