■ In the Matter of the CITY OF NEW YORK, Appellant, v ASSESSORS OF THE TOWN OF ROXBURY et al., Respondents. (And

Three Other Related Proceedings.) [745 NYS2d 582] —Peters, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), entered April 6, 2001 in Delaware County, which, inter alia, in four proceedings pursuant to RPTL article 7, granted respondents' motion for partial summary judgment dismissing petitioner's claim that its parcel is entitled to a real property tax exemption.

In January 1928, the Town of Roxbury, Delaware County, agreed, in writing, to provide petitioner with a parcel of property "without cost or expense" if petitioner would, at its own cost and expense, construct, maintain and operate a sewage treatment plant on such parcel. Construction of the plant was completed in 1930 and, through 1996, the Town carried the parcel on the exempt portion of its tax roll.[1] In 1997, however, after petitioner constructed a new and upgraded plant, the Town removed the parcel from its exemption list and demanded that petitioner commence payment of real property taxes. From 1997 through 2000, petitioner filed complaints with respondent Board of Assessment Review of the Town of Roxbury (hereinafter the Board), claiming that the subject parcel was exempt from taxation. Each year, the Board denied petitioner's complaints and each year petitioner filed a petition, pursuant to RPTL article 7, against both respondent Assessors of the Town of Roxbury (hereinafter the Assessors) and the Board seeking, inter alia, further review.[2] Following joinder of issue, respondents moved for partial summary judgment seeking dismissal of petitioner's claim that it was entitled to an exemption.[3] Supreme Court granted respondents' motion, thereby dismissing the claim of exemption, and this appeal ensued.

We agree with Supreme Court's conclusion that the parcel is not exempt from taxation pursuant to RPTL 406 (3). Its predecessor, Tax Law former § 4 (16-a) (as added by L 1956, ch 667), provided municipal corporations with statutory authority to grant full or partial tax exemptions for real property used as a sewage disposal plant so long as the agreement was memorial-

---

1. It is undisputed that the Town owns the parcel while petitioner owns and operates the sewage plant.

2. Supreme Court treated all petitions as one proceeding although they were never formally consolidated.

3. The Roxbury Central School District was granted permission to intervene as a respondent and also moved for partial summary judgment on the exemption issue.

ized in writing;[4] RPTL 406 (3) insured the continued requirement of a writing. Hence, with tax exemption statutes construed strictly against the one seeking the exemption (*see, Matter of City of Lackawanna v State Bd. of Equalization & Assessment of State of N.Y.*, 16 NY2d 222, 230), and the record devoid of the requisite writing effectuated subsequent to the enactment of Tax Law former § 4 (16-a), there can be no viable claim to an exemption based thereon. Recognizing that the parties' 1928 agreement was executed prior to any legislative authority for the exemption,[5] we cannot conclude that the agreement satisfies the mandates of RPTL 406 (3), regardless of our interpretation of the language contained therein.

We also agree with Supreme Court that the contractual claims emanating from an interpretation of the parties' 1928 agreement were not properly reviewable in this RPTL article 7 proceeding (*see generally, Matter of City of New York v Sanford*, 11 NY2d 920, 921-922; *Troy Towers Redevelopment Co. v City of Troy*, 51 AD2d 173, 175, *affd* 41 NY2d 816). We further find no basis to deviate from the general rule that a claim against the State or its subdivisions may not be grounded upon the doctrine of equitable estoppel even if based upon actions by public officials in excess of their authority (*see, Maidgold Assoc. v City of New York*, 64 NY2d 1121, 1123-1124; *Fatone v City of Troy*, 236 AD2d 676, 679). Accordingly, we hereby affirm the order granting respondents' motion for partial summary judgment.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

4. Tax Law former § 4 (16-a), the predecessor to RPTL 406 (3), provided: "Real property of a municipal corporation not within its corporate limits while used as a sewage disposal plant or system, including necessary connections and appurtenances, located within the territory of such other municipality, shall be wholly or partially exempt from taxation by any municipal corporation or school district in which located, providing the governing board thereof shall so agree in writing with the municipal corporation owning such real property * * *."

5. State law, at that time, expressly prohibited tax exemptions for property held by a municipal corporation for public use (*see,* Tax Law former § 4 [3], as added by L 1896, ch 908; NY Const, art III, § 18, repealed Nov. 5, 1963, eff Jan. 1, 1964).