*396 OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether a citizen taxpayer has standing to challenge the constitutionality of the issuance of State bond anticipation notes.
In December, 1976 the plaintiff, Leon Wein, commenced this action as a citizen taxpayer seeking a declaratory judgment that 74 million dollars in bond anticipation notes issued by the State in March of that year were issued in violation of the State Constitution. Specifically he claimed that the notes had been issued to finance a 1975-1976 State deficit and that this practice, characterized as "back bonding”, is prohibited by sections 11 and 12 of article VII of the State Constitution. In addition to demanding a declaration that the practice is unconstitutional, the complaint requests an injunction precluding the defendants "from issuing any further back-bonding debt.”
The defendants moved to dismiss on the ground, among others, that a taxpayer who, like the plaintiff, had not purchased any of the notes and is not otherwise personally aggrieved by their issuance, lacks standing to challenge the constitutionality of the procedure employed. Special Term granted the motion and dismissed the complaint holding that article 7-A of the State Finance Law denies a taxpayer standing to maintain an action with respect to the issuance of State bonds or bond anticipation notes. The Appellate Division affirmed for the reasons stated at Special Term.
On this appeal, taken as of right on the ground that a constitutional question is presented (CPLR 5601, subd [b], par 1), the only issue involves the plaintiff’s right or standing to maintain the action. The plaintiff argues that our decision in Boryszewski v Brydges (37 NY2d 361), established a broad right of standing on behalf of taxpayers to seek judicial review of governmental action which is said to be unconstitutional; that article 7-A of the State Finance Law, although enacted after Boryszewski', does not alter or abridge the right judicially created and that cases from this court, decided before the enactment of the statute (citing Wein v City of New York, 36 NY2d 610) and afterwards (citing Wein v State of New York, 39 NY2d 136; Wein v Carey, 41 NY2d 498; New York Public Interest Research Group v Carey, 42 NY2d 527) have *397 recognized the right of a taxpayer to challenge the issuance of bonds or anticipation notes.
In the Boryszewski case we held that a citizen and taxpayer can maintain an action "to test the constitutionality of a State statute authorizing the expenditure of State moneys” (supra, at p 363). That determination, expanding a taxpayer’s standing to sue, was not based on any constitutional right of standing. The only constitutional principle bearing on the standing issue was the doctrine of separation of powers which had previously been asserted negatively to bar taxpayers’ suits. Under prior law it was held that the courts lacked the power to "interfere” with the "acts of another department of government” except to determine "the individual rights of the parties” and that a taxpayer’s interest in the expenditure of State moneys was not sufficiently direct or immediate for him to be considered an aggrieved party (Schieffelin v Komfort, 212 NY 520, 530, 537; St. Clair v Yonkers Raceway, 13 NY2d 72). Thus the recognition in Boryszewski of the taxpayer’s legitimate and significant interest in State expenditures did not call for the recognition of a new constitutional right of standing but rather the abandonment of an old constitutional impediment to standing in these cases (see, e.g., St. Clair v Yonkers Raceway, supra, at p 80 [Fuld, J., dissenting]; Boryszewski v Brydges, supra, at p 364).*
The Legislature too has acknowledged that "each individual citizen and taxpayer of the state has an interest in the proper disposition of state funds and properties” (State Finance Law, § 123). Within two months of the Boryszewski decision the Legislature added article 7-A to the State Finance Law, which also permits a citizen taxpayer to "maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property, except that the provisions of this subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency, instrumentality or subdivision thereof or by *398 any public corporation or public benefit corporation” (State Finance Law, § 123-b, subd 1). The statute establishes a uniform procedure (State Finance Law, § 123-c), authorizes the court to require the plaintiff to post an undertaking as security for costs (State Finance Law, § 123-d) and permits the court to reimburse the plaintiff for costs and attorney’s fees if the action is successful (State Finance Law, § 123-g). The statute further provides that "[n]othing in this article shall abridge or alter rights of actions or remedies now or hereafter existing” (State Finance Law, § 123-i).
Subsequent to the effective date of article 7-A (Sept. 1, 1975; see L 1975, ch 827, § 2) Boryszewski was extended to permit a taxpayer to challenge the constitutionality of a revenue raising, as distinguished from an expenditure, measure. In Wein v Carey (41 NY2d 498, 500, 501, supra) it was held that a taxpayer had standing to contest the issuance of tax and revenue anticipation notes issued by the State. This was viewed as a logical consequence of Wein v State of New York (39 NY2d 136, supra), an earlier taxpayer’s suit, which involved a claimed unconstitutional lending of the State’s credit in connection with the issuance of State tax and revenue anticipation notes. In no case however have we held that a taxpayer has standing to challenge the issuance of State bonds or bond anticipation notes. The question was raised in New York Public Interest Research Group v Carey (42 NY2d 527, supra) but was not reached because it was found that plaintiff’s challenge to pending legislation was premature. And in Wein v City of New York (36 NY2d 610, 621, supra) the taxpayer’s right to test the constitutionality of a municipal bond issue had been expressly granted by statute (General Municipal Law, § 51).
Thus the cases cited by the plaintiff do not in fact authorize this particular suit. But neither does article 7-A expressly prohibit the action as the defendants contend.
 The "exception” concerning State bond issues and bond anticipation notes (State Finance Law, § 123-b, subd 1) is ambiguous. It is of course not a true exception since the statute only grants taxpayer standing with respect to State expenditures and does not include revenue raising. Neither can the "exception” be considered an express prohibition against such suits since, by its terms, the statute simply "shall not apply” in such cases. The plaintiff then cannot claim standing under the statute. That, however, still leaves open *399 the question as to whether he can bring the suit under the rule adopted in Boryszewski in view of the fact that the Legislature specifically disclaimed any intent to "abridge or alter rights of actions or remedies now or hereafter existing” (State Finance Law, § 123-i).
The difficulty with the wording of the statute is apparently largely due to the fact that it was drafted prior to Boryszewski and at a time when it was contemplated that the court would not alter the existing law (see appendix to respondent’s brief). Thus, although it was not enacted until after Boryszewski was decided, it is not accurate to say, as the defendants urge, that the statute codified the decision, or as the plaintiff suggests, that it was intended to supplement the decision by establishing an alternative and completely separate ground for suit.
In our view, now that the Legislature has spoken, the statute should be considered controlling where applicable. In cases where the statute has authorized a taxpayer’s suit, that is, in cases involving a claimed unauthorized expenditure of State funds, the parties must follow the statutory procedures and, if required by the court, the plaintiff must post an undertaking for costs and the defendant may be ordered to pay costs and expenses. In suits not covered by the statute, such as taxpayers’ challenges to tax or revenue anticipation notes, the question of standing must be resolved by the courts under common-law principles (see, e.g., Wein v Carey, 41 NY2d 498, supra).
The question of standing in the case now before us must also be resolved on common-law grounds because, as noted, the statute does "not apply” to taxpayer suits involving revenue raising through State bonds and bond anticipation notes. On the other hand, although the Legislature has not, in so many words, prohibited the suit, the statutory "exception” does indicate a reasonably clear legislative intent to prevent taxpayer challenges with respect to a State "bond issue or notes issued in anticipation thereof’ (State Finance Law, § 123-b, subd 1). Under this circumstance it would be inappropriate for the courts to confer standing in these cases since such a determination would, in effect, render the statutory "exception” a nullity and ignore the expressed legislative policy to the contrary. Thus we have concluded that whether the taxpayer relies on the statute or the case law, he lacks *400 standing to challenge the issuance of State bonds or bond anticipation notes.
We recognize that challenges of this nature — as opposed to those involving expenditures of State funds — are often likely to increase the cost of raising the revenue by creating uncertainty in the minds of potential investors. Apparently this concern prompted the Legislature to deny standing to taxpayers in cases involving the sale of State bonds and bond anticipation notes (cf. Wein v Carey, 41 NY2d, supra, at p 502). This hazard, however, is also present in cases involving tax and revenue anticipation notes (see, e.g., Wein v Carey, supra, at p 502) and it is not clear why the Legislature did not express similar concern with the taxpayer challenges in these cases as well. In this and other respects the statute often creates ambiguities and incongruities which obscure the overall legislative policy. This is not only a matter of concern for the courts but a question which the Legislature may wish to consider.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Judge Fuchsberg taking no part.
Order affirmed.

 It may be that in an extraordinary case a taxpayer’s standing may itself rise to a level of a constitutional right (cf. Wein v Carey, 41 NY2d 498, 502, supra). In this case however we find no basis for concluding that the plaintiff had a constitutional right to challenge the issuance of the bond anticipation notes.