ARA KRADJIAN et al., Appellants, v CITY OF BINGHAMTON, Respondent, et al., Defendant.

Third Department, November 15, 1984

**APPEARANCES OF COUNSEL**

*Harris, Beach, Wilcox, Rubin & Levey (James C. Gocker* and *James Montgomery Quinn* of counsel), for appellants.

*Kenneth Auerbach, Corporation Counsel* (*David M. Dutko* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Plaintiffs, owners and the corporate operator of a Holiday Inn in the City of Binghamton, commenced this action against the city and its local development corporation seeking, *inter alia,* a judgment declaring unconstitutional the State statute (General Municipal Law, § 99-h, subd 2) and the City of Binghamton ordinance (Local Laws, 1983, No. 11 of City of Binghamton) which authorize the city's participation in a Federal loan program, pursuant to the Housing and Community Development Act of 1974 (US Code, tit 42, § 5301 *et seq.*), to assist in financing the construction of a Marriott Hotel in downtown Binghamton by private developers on land owned by the Binghamton Urban Renewal Agency. It is plaintiffs' contention that the city's participation in the Federal program results in a loan and/or extension of credit to the private developers in violation of the gift and loan clause of the State Constitution (NY Const, art VIII, § 1). Plaintiffs also maintain that the city ordinance was passed in violation of the Open Meetings Law (Public Officers Law, § 100 *et seq.*). Special Term held that plaintiffs lacked standing to mount the constitutional challenge and that the alleged violation of the Open Meetings Law did not require a declaration that the ordinance was null and void. Summary judgment was granted in favor of defendants, and plaintiffs have appealed that portion which dismissed the complaint against the city.

■ We conclude that the individual plaintiffs, who are residents and taxpayers in the city, have standing to challenge the constitutionality of the statute and ordinance authorizing the city's participation in the Federal loan program, for if plaintiffs are correct, the city has expended municipal funds or extended its credit in violation of the State Constitution (see *Boryszewski v Brydges,* 37 NY2d 361; *Ingram v Boone,* 91 AD2d 1063, 1064). Special Term concluded that plaintiffs lacked standing on the basis of its finding that the city's participation in the Federal loan program did not involve the expenditure of municipal funds or the extension of municipal credit. In our view, however, such a determination is more appropriately left for the merits, rather than in the context of the threshold issue of standing.

■ Turning to the merits of the constitutional claim, we begin by noting the strong presumption of constitutionality which accompanies the challenged legislative enactments (see *Wein v*

*Beame,* 43 NY2d 326, 331). Plaintiffs have failed to carry their burden of overcoming this presumption. In particular, we agree with Special Term that plaintiffs have failed to show an expenditure of municipal funds or an extension of municipal credit to the private developers. The loan proceeds at issue are to be provided by a Federal financing bank, with the loan guaranteed by the Department of Housing and Urban Development, pursuant to section 108 of the Housing and Community Development Act of 1974 (US Code, tit 42, § 5308). The city intends to use the loan proceeds, together with the proceeds of a Federal action grant, to purchase the hotel from the developers once the certificate of occupancy is issued. The city will then reconvey the hotel to the private developers, retaining a first mortgage to be repaid by the developers on terms equivalent to the city's obligation on the Federal loan. The city's proposal has received preliminary approval of the Department of Housing and Urban Development. Thus, the city is participating in a Federal program, created by Federal statute, administered by a Federal agency and funded by Federal sources. The city's participation, authorized by State statute (General Municipal Law, § 99-h, subd 2), is intended to promote urban expansion and growth so as to attract investments and create permanent job opportunities for low and moderate income persons. Under these circumstances, we see no gift or loan of municipal funds in violation of section 1 of article VIII of the State Constitution (see *Murphy v Erie County,* 28 NY2d 80).

To assure repayment, section 108 of the Federal act authorizes the Department of Housing and Urban Development to require the issuer, in this case the City of Binghamton, to furnish certain collateral and other security (US Code, tit 42, § 5308, subd [d]). Plaintiffs argue that the city, therefore, will be extending its credit to the private developers in violation of the Constitution. The Federal statute does not, however, require the city to guarantee the loan by pledging its full faith and credit. Rather, the record establishes that the required security will be limited to future Federal grants under the Housing and Community Development Act of 1974, proceeds from foreclosure sale of the property and, if necessary, certain other funds generated by Federal grant programs. Accordingly, there has been no extension of municipal credit in violation of section 1 of article VIII of the State Constitution. Plaintiffs also contend that if the hotel fails as a business the city might incur losses, but we find such speculation inadequate to support plaintiffs' constitutional challenge.

As this court noted in *New York State Coalition for Criminal Justice v Coughlin* (103 AD2d 40, 46-47): "where, as here, we are called upon to deal with an intricate scheme for public financing or for public expenditures designed to meet a public interest, the court must proceed in its review with much caution. It is the Legislature which is mandated to make policy decisions in such areas and the court may not invalidate its decisions, enacted into law, out of a mere preference for a different or more restrained approach".

■ Finally, as to the alleged violation of the Open Meetings Law, we see no abuse of discretion in Special Term's decision not to vacate the ordinance (see *Matter of Sanna v Lindenhurst Bd. of Educ.*, 58 NY2d 626).

The judgment should be modified so as to declare the rights of the parties as provided herein.

MAHONEY, P. J., KANE, WEISS and LEVINE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed the complaint of plaintiffs Diran Kradjian and Harry Kradjian and by adding thereto provisions declaring that neither subdivision 2 of section 99-h of the General Municipal Law nor ordinance 83-11 of the City of Binghamton violates section 1 of article VIII of the New York State Constitution and that any violation of the Open Meetings Law in enacting said ordinance does not require that the ordinance be declared null and void, and, as so modified, affirmed.