OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
In Boryszewski v Brydges (37 NY2d 361), this court established a broad right of standing on behalf of taxpayers seeking *662 judicial review of governmental action said to be unconstitutional. That determination was not based on any constitutional right of standing, but rather on the abandonment of previously created impediments to standing (id., at p 364).
Shortly after our Boryszewski opinion, the Legislature enacted an amendment to subdivision 1 of section 123-b of the State Finance Law, which permits a citizen taxpayer to “maintain an action for equitable or declaratory relief, or both, against an officer or employee of the state who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditurej misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property, except that the provisions of this subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency, instrumentality or subdivision thereof or by any public corporation or public benefit corporation”.
Although this statute does not expressly prohibit the suit or preclude the taxpayers from asserting a common-law right of standing, our decision in Wein v Comptroller of State of N. Y. (46 NY2d 394) resolves the standing question against taxpayer plaintiffs.* As we noted in Wein (at p 399): “[T]he statutory ‘exception’ does indicate a reasonably clear legislative intent to prevent taxpayer challenges with respect to a State ‘bond issue or notes issued in anticipation thereof’ (State Finance Law, § 123-b, subd 1). Under this circumstance it would be inappropriate for the courts to confer standing in these cases since such a determination would, in effect, render the statutory ‘exception’ a nullity and ignore the expressed legislative policy to the contrary”.
The only distinction to be drawn between Wein v Comptroller of State of N. Y. and the case now before us, is that Wein involved a challenge to the constitutionality of the issuance of State bond anticipation notes and not the issuance of the bonds themselves. However, as noted above, this distinction makes no difference because the statutory exception refers to “a bond issue or notes issued in anticipation thereof”.
Therefore the order of the Appellate Division should be affirmed on the ground that the petitioners lack standing as was held by the trial court.
*663 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs, in a memorandum.

 The plaintiffs’ alternative argument that they have standing as voters was not properly raised below and thus cannot be considered by us on this appeal.