In the Matter of TRI-COUNTY TAXPAYERS ASSOCIATION, INC., et al., Appellants, v TOWN OF BOLTON et al., Respondents.

Third Department, March 28, 1991

APPEARANCES OF COUNSEL

*Oliver & Oliver (Lewis B. Oliver, Jr.,* of counsel), for appellants.

*Bacas & Krogmann (David B. Krogmann* of counsel), for Town of Bolton and another, respondents.

*Miller, Mannix & Pratt, P. C. (Benjamin R. Pratt, Jr.,* of counsel), for Green Island Associates and others, respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

In May 1983, respondent Town of Bolton received a $5.275

million urban development grant from the Federal Department of Housing and Urban Development (hereinafter HUD) for the rehabilitation of the Sagamore Hotel, a picturesque resort located within the town's borders in Warren County. A written loan agreement dated December 1, 1983 was entered into between the town and respondent Green Island Associates on behalf of its partners, the developers of the Sagamore. The loan was for $5 million for which Green Island agreed to pay the town monthly interest of $25,000 from the 30th month after rehabilitation began until 10 years thereafter, at which time the principal of the loan became due. The loan was secured by a $5 million mortgage on the rehabilitated Sagamore which was subordinate to a $40.35 million mortgage with the Bank of New York Delaware (hereinafter BNYD).

After the Sagamore renovations were completed, the town and HUD entered into a closeout agreement whereby the town was to apply income from the grant/loan toward activities eligible under title I of the Housing and Community Development Act of 1974 (see, 42 USC § 5301 et seq.). Green Island paid interest on the loan to the town from January 1987 until March 1989, after which Green Island notified the town that it was unable to continue payments.* From April 1989 to November 1989, the town and Green Island negotiated a possible restructuring of the loan payments due under the agreement. The town retained an independent financial consulting firm to evaluate Green Island's financial status. The independent firm concluded that the town's loan to Green Island was left "basically unsecured" by its subordinate position to BNYD's mortgage as the Sagamore was worth significantly less than $40 million.

In efforts to protect its financial interests, the town held a public meeting on November 17, 1989, at which a proposed loan modification agreement restructuring the debt owed by Green Island was discussed. The restructuring included, inter alia, a discharge of the town's $5 million mortgage in return for a payment of $1 million to the town, with the remaining $4 million to come from 20% of the net proceeds in the event of sale or refinancing of the Sagamore and 10% of the Sagamore's annual net profits. Green Island also agreed to operate the Sagamore for at least 10 months per year. On December 5,

---

* Green Island had earlier defaulted in 1988 on the approximately $40 million debt owed to BNYD, after which BNYD had agreed to restructure rather than foreclose on its mortgage.

1989, the town passed a resolution directing execution of the loan modification agreement which was subsequently executed on behalf of the town and Green Island.

Petitioners thereafter commenced this combined action and CPLR article 78 proceeding seeking, *inter alia,* a declaration that the loan modification agreement violated the NY Constitution. Petitioners also sought to enjoin any furtherance of the agreement by the town. Supreme Court issued an order allowing Green Island and its partners to intervene as parties to the proceeding and subsequently granted motions to dismiss the petition. This appeal by petitioners followed.

■ We find that, as residents and taxpayers of the town, the individual petitioners herein have standing to bring this litigation *(see,* General Municipal Law § 51; *Korn v Gulotta,* 72 NY2d 363; *Boryszewski v Brydges,* 37 NY2d 361; *Kradjian v City of Binghamton,* 104 AD2d 16, 17, *mot to dismiss appeal granted* 64 NY2d 1039). As such, we turn to the merits.

■ First, we reject petitioners' arguments that the town's involvement in the restructuring of Green Island's debt amounted to a constitutionally impermissible gift of town funds. The NY Constitution provides that "[n]o county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking" (NY Const, art VIII, § 1). Generally, however, moneys obtained as part of a Federal grant which are then used according to Federal program requirements are not considered a gift or loan of municipal funds *(see, Kradjian v City of Binghamton, supra,* at 18). Here, the town was obligated according to the closeout agreement to apply income received pursuant to the loan agreement to those activities eligible under title I of the Housing and Community Development Act of 1974. Furthermore, the town was required to report its expenditures to HUD for at least five years. In our view, given that there remained these Federal requirements, the town's actions regarding the loan agreement constituted "continued participation in the underlying Federal program, with the effect that the program income retains the character of Federal funds" (1988 Opns St Comp No. 88-79, at 153). Accordingly, funds extended under the loan agreement and any restructuring thereof retained their characterization as Federal moneys so as to preclude any finding that the town's actions constituted an impermissible gift or loan of its own funds *(see, Kradjian v City of Binghamton, supra).*

■ We summarily reject petitioners' argument that the

terms of repayment on the modified loan agreement violate the State constitutional prohibition against municipalities indirectly owning stock in a private corporation or association *(see,* NY Const, art VIII, § 1). There is simply nothing in the record establishing that Green Island existed or operated as a corporation, that stocks therein were issued or, significantly, that the town retained or exercised any control even remotely resembling shareholder's rights in Green Island.

■ We likewise disagree with petitioners' contention that the restructuring of the loan agreement violated Town Law § 291 (3). The loan modification agreement provided that, in the event that Green Island received all necessary permits and approvals for a related Sagamore project, it would convey 10 acres of land to the town for use as a town cemetery. Although Town Law § 291 (3) requires a referendum in order for a town to purchase additional land for a cemetery costing more than $300 *(see,* Town Law § 291 [3]), that requirement is applicable only when the purchase is made from taxes levied by a town or from proceeds of its obligations *(see,* Town Law § 291 [3]). Here, any conveyance of land to the town is to be made in exchange for Federal moneys received by Green Island pursuant to the loan modification agreement and, thus, not from the prohibited sources outlined in the Town Law.

Nor does the town's continued cooperation in Green Island's "efforts to obtain state and local permits and approvals" regarding the related Sagamore project constitute a prohibited delegation by sale or contract of the town's legislative powers *(cf., Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 601). Cooperation in a project pursuant to a Federally funded program is not to be equated with any promise, implied or express, on the town's part to blindly approve Green Island's zoning applications.

In light of the foregoing, we find that the petition was properly dismissed and any injunctive relief sought properly denied. Supreme Court's judgment should be modified to specifically declare that the loan modification agreement has not been shown to be invalid.

MIKOLL, YESAWICH, JR., CREW III and HARVEY, JJ., concur.

Judgment modified, on the law, without costs, by declaring that respondent Town of Bolton's resolution authorizing execution of the loan modification agreement dated December 5, 1989 has not been shown to violate NY Constitution, article VIII, § 1 or Town Law § 291 (3), and, as so modified, affirmed.