In the Matter of ROBERT L. SCHULZ et al., Respondents, v STATE OF NEW YORK et al., Appellants.

Third Department, May 7, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter G. Crary* and *Peter H. Schiff* of counsel), for appellants.

*Robert L. Schulz, Gilbert O. Boehm, William Busch* and *John Salvador, Jr.,* respondents *pro se.*

## OPINION OF THE COURT

Per Curiam.

On May 15, 1990, respondent Governor approved an omnibus revenue measure (hereinafter the Act) designed to balance the State fiscal year 1990-1991 budget *(see,* L 1990, ch 190). The Act provided for a $1.2 billion increase in tax revenues and a $489 million increase in one-time revenue resources. Thereafter, in April 1991, petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action challenging, *inter alia,* various sections of the Act as allegedly being invalid under the State Constitution. Specifically, petitioners contended that certain provisions of the Act authorizing the issuance of, *inter alia,* bonds, notes and other obligations for various projects violated NY Constitution, article VII, § 11 (contracting of State debt without a voter referendum), article VII, § 8 (a gift or loan of State credit) and/or article X, § 5 (assumption of liability by the State for a public corporation's obligations). Insofar as relevant to this appeal, petitioners challenge sections 328 through 348, 350 through 354 and 370 through 371 of the Act.

In response to petitioners' claims, respondents moved to dismiss the petition/complaint based on two objections in point of law, i.e., that petitioners were guilty of laches and lacked standing. Supreme Court denied respondents' motion to dismiss. The court did, however, conclude that petitioners lacked standing with respect to those portions of the petition/complaint challenging the authorization, sale, execution or delivery of bond issues, namely portions of sections 339, 342 and 371 and all of sections 349 and 356. This appeal by respondents then followed.

In our view, Supreme Court erred in failing to dismiss the petition/complaint in its entirety on the issue of standing. State Finance Law § 123-b (1) provides a statutory basis for citizen-taxpayer standing to challenge the "wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds". Nevertheless, the statute goes on to provide that "the provisions of this

subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency, instrumentality or subdivision thereof or by any public corporation or public benefit corporation" (§ 123-b [1]). In other words, as the Court of Appeals noted in *Wein v Comptroller of State of N. Y.* (46 NY2d 394, 398-400), State Finance Law § 123-b (1) only grants a taxpayer standing with respect to State expenditures and, therefore, it does not apply to taxpayer suits involving revenue raising through State bond issues and/or bond anticipation notes *(see, New York State Coalition for Criminal Justice v Coughlin,* 64 NY2d 660, 662).*

As a result, it is apparent that petitioners lack taxpayer standing with respect to those portions of the complaint/petition challenging sections of the Act which deal with the extension of State credit and long-term debt without voter approval. Although Supreme Court previously only dismissed that portion of the complaint/petition dealing with the actual issuance of the bonds, it is apparent that the above-mentioned bond challenges all stem from the initial issuance of the bonds in question and, as such, cannot be separated from the underlying challenge.

With respect to petitioners' claim that they have standing as voters to challenge the extension of credit and/or the creation of long-term debt in violation of, *inter alia,* NY Constitution, article VII, § 11, and article VII, §§ 8 and 11, we find that standing must be denied because petitioners cannot obtain standing as *voters* on the same basis that they attempted to gain standing as taxpayers *(see, Burns v Egan,* 117 AD2d 38, 43, *appeal dismissed* 68 NY2d 806, *lv denied* 69 NY2d 602). Accordingly, petitioners have no standing to attack the challenged sections of the Act and, therefore, the complaint/petition should have been dismissed in its entirety.

Due to our resolution of the matter, it is unnecessary for us to reach respondents' arguments concerning the laches issue. The remaining contentions of petitioners are rejected as meritless.

---

* We note that, although the statute does not prohibit the taxpayer from asserting a common-law right of standing, such standing has been denied under circumstances similar to those presented here *(see, New York State Coalition for Criminal Justice v Coughlin, supra,* at 662; *Wein v Comptroller of State of N. Y., supra,* at 399-400).

MIKOLL, J. P., YESAWICH JR., MERCURE and MAHONEY, JJ., concur; HARVEY, J., not taking part.

Ordered that the order is reversed, on the law, without costs, motion to dismiss granted and complaint/petition dismissed.