■ ROBERT L. SCHULZ et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Mahoney, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered March 4, 1992 in Albany County, which, *inter alia,* in an action pursuant to State Finance Law article 7-A, granted defendants' motion for summary judgment and made a declaration in their favor.

On June 11, 1990, defendant Governor approved the New York Local Government Assistance Corporation Act (L 1990, ch 220, as amended by L 1990, ch 946, and L 1991, ch 2 [codified as Public Authorities Law § 3231 *et seq.;* hereinafter the Act]). The Act created the New York Local Government Assistance Corporation (hereinafter the Corporation), a public benefit corporation whose purpose was to provide financial assistance to local governments for certain purposes through the issuance and sale of notes and bonds in an amount not to exceed $4.7 billion (L 1990, ch 220, § 1), and the Local Government Assistance Tax Fund, designed to provide certain funding (derived from sales tax revenues) to pay the Corporation's obligations (L 1990, ch 220, § 3).

In February 1992 plaintiffs, all of whom are citizens, residents, taxpayers and registered voters in this State, commenced this declaratory judgment action seeking a declaration that sections 1, 2, 3 and 10 of the Act (as amended) violated, *inter alia,* NY Constitution, article VII, § 11 by authorizing the issuance of long-term, tax-supported State debt for multiple purposes, not distinctly specified, without voter approval, NY Constitution, article VII, § 8 by permitting a lending of the State's credit to the Corporation, and NY Constitution, article X, § 5. In addition, they sought a declaration that the portion of the citizen-taxpayer standing provision of State Finance Law § 123-b (1) which specifically excludes challenges to a bond issue or notes issued in anticipation thereof is unconstitutional. While concluding that plaintiffs lacked standing to maintain any of the constitutional challenges, Supreme Court, in the interest of expediency, went on to address the merits of the action, determined that the chal-

lenged enactments were constitutional and made a declaration to that effect. Plaintiffs appeal.

In our view, Supreme Court properly found that plaintiffs lacked standing to mount a constitutional challenge to the Act. No matter how phrased, plaintiffs essentially are challenging the validity of certain revenue-raising measures to be accomplished through State bond issues. As such, they cannot predicate standing upon the statutory taxpayer standing provision of State Finance Law § 123-b (1). It is now clear that this subdivision *only* accords a taxpayer standing to challenge State *expenditures* and "does not apply to taxpayer suits involving revenue raising through State bond issues and/or bond anticipation notes" *(Matter of Schulz v State of New York,* 180 AD2d 42, 44; *see, New York State Coalition for Criminal Justice v Coughlin,* 64 NY2d 660, 662; *Wein v Comptroller of State of N. Y.,* 46 NY2d 394, 398-400). Nor can plaintiffs predicate standing upon common-law principles *(see, supra)*, or upon their status as voters *(see, Matter of Schulz v State of New York, supra,* at 44; *Burns v Egan,* 117 AD2d 38, 43, *appeal dismissed* 68 NY2d 806, *lv denied* 69 NY2d 602).

With respect to plaintiffs' challenge to the constitutionality of State Finance Law § 123-b (1), while they may have standing to mount such a challenge, because it is clear that taxpayer standing to challenge revenue raising through State bond issues or anticipation notes is not a right of constitutional dimension *(see, Wein v Comptroller of State of N. Y., supra,* at 397), the challenged subdivision, in our view, effects no constitutional violation.

Weiss, P. J., Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as declared sections 1, 2, 3 and 10 of the New York Local Government Assistance Corporation Act (as amended) constitutional, and, as so modified, affirmed. *[See,* 151 Misc 2d 594.]