■ ROBERT L. SCHULZ et al., Respondents, v STATE OF NEW YORK et al., Appellant.—Mahoney, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 7, 1992 in Albany County, which denied defendants' motions to dismiss the complaint.

In this declaratory judgment action, plaintiffs, who are citizens and taxpayers of the State, challenge the constitutionality of (1) the entire 1991-1992 State budget (first cause of action), (2) the Laws of 1991 (ch 410, § 14) (second cause of action), and (3) the Laws of 1991 (ch 166, §§ 325, 329, 335) (third cause of action). Prior to joinder of issue, defendants moved to dismiss the complaint alleging that plaintiffs lacked standing to mount any of the challenges and that certain of the causes of action were barred by laches, were moot or otherwise nonjusticiable. From a denial of their motions, defendants appeal.

In our view, the first cause of action is moot and should have been dismissed as such. The basis of this claim is that

the Governor's submission to the Legislature of a revised financial needs estimate for the State judiciary, which was approximately $98 million less than that originally submitted by the Chief Judge of the Court of Appeals, violated the mandate of NY Constitution, article VII, § 1 that the estimate be submitted "without revision", thus rendering the 1991-1992 budget void in its entirety. The 1991-1992 fiscal year, however, is now over and the Governor's alleged defect of failing to include the judiciary's estimate of financial needs "without revision" to the Legislature was not repeated in the current 1992-1993 fiscal year. Accordingly, this cause of action clearly is moot. Nor are we persuaded that the underpinnings of this claim fit within any exception to the mootness doctrine. The Governor's actions resulted in the prompt institution of a lawsuit by the Chief Judge which was amicably resolved. This simple fact negates the possibility of repetition and insures that if it does arise again, it will not evade review (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715; Matter of Alexander v New York State Bd. of Parole, 175 AD2d 526, 527, lv denied 78 NY2d 863).

Regarding the remaining causes of action, we conclude that plaintiffs lack standing under State Finance Law § 123-b, common-law principles or as voters to mount the constitutional challenges asserted. The legislative enactments challenged in the second and third causes of action arise out of the Legislature's action in authorizing defendant New York State Thruway Authority to issue bonds and notes for emergency highway construction, reconstruction, reconditioning and preservation, and in creating elaborate mechanisms by which the Thruway Authority is ensured of the necessary guarantees and sources of income to successfully accomplish a bond issue and to make debt service payments thereon. The Laws of 1991 (ch 410, § 14), challenged in the second cause of action, authorizes defendant Director of Budget to enter into service contracts (ostensibly *debt* service contracts) with the Thruway Authority, which contracts can be pledged or assigned by the latter as security for the notes or bonds issued. The Laws of 1991 (ch 166, §§ 325, 329, 335), challenged in the third cause of action, authorizes complex sale and long-term leaseback arrangements among the State, the Thruway Authority and defendant Department of Transportation whereby rent revenue will accrue to the Thruway Authority and will provide it with the necessary stream of income to meet debt service obligations on its outstanding bonds.

While concededly plaintiffs do *not* challenge that part of the

enactment which affirmatively grants the Thruway Authority permission to issue bonds and notes, but only the portion thereof which contains the financing plan, undoubtedly the challenged laws are inextricably bound to the bond issuance legislation and are a necessary consequence thereof (i.e., the method and manner of financing and repaying a bond issue is a necessary prerequisite to its successful accomplishment). As we recently recognized in *Matter of Schulz v State of New York* (180 AD2d 42), challenges to such singular aspects of the overall bonding process fall within the exclusionary language of State Finance Law § 123-b (1) which precludes taxpayer standing to challenge "the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof" *(see, New York State Coalition for Criminal Justice v Coughlin,* 103 AD2d 40, *affd* 64 NY2d 660; *see also, Wein v Comptroller of State of N. Y.,* 46 NY2d 394). For the same reasons outlined in *Matter of Schulz v State of New York (supra),* plaintiffs cannot predicate standing upon their status as voters or upon common-law principles.

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted and complaint dismissed. *[See, Matter of Schulz v State of New York,* 152 Misc 2d 589.]