■ ROBERT L. SCHULZ et al., Appellants, v NEW YORK STATE LEGISLATURE et al., Respondents. [721 NYS2d 686] —Lahtinen, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 20, 1999 in Albany County, which, *inter alia*, granted defendants' motions to dismiss the complaint for lack of standing and failure to state a cause of action.

Pursuant to chapter 5 of the Laws of 1998 (the "Albany Plan" authorizing the financing and construction of certain facilities) and chapter 124 of the Laws of 1998 (establishing the Schenectady Metroplex Development Authority), revenue bonds

were sold or authorized to be sold by the involved public authorities. In September 1998 plaintiffs, all of whom are citizens, residents, taxpayers and registered voters in the State, commenced this action pursuant to CPLR 3001 and State Finance Law article 7-A seeking a declaration that a portion of State Finance Law § 123-b (1) and chapters 5 and 124 of the Laws of 1998 were unconstitutional. Defendants New York State Legislature, Speaker of the Assembly, Senate Majority Leader, Governor and Comptroller (hereinafter collectively referred to as the State defendants) moved to dismiss the complaint, claiming, *inter alia*, that plaintiffs lacked standing on certain of the issues raised in their complaint and that the complaint failed to state a cause of action. Defendant Dormitory Authority of the State of New York, the sponsor of revenue raising bonds issued to accomplish the purposes of chapter 5 of the Laws of 1998, moved to intervene in the action and sought dismissal of the complaint for failure to state a cause of action or, alternatively, for summary judgment.

Supreme Court granted the motion of the State defendants and dismissed the complaint, finding that plaintiffs failed to allege the existence of an actual or threatened injury and, therefore, lacked standing to maintain their Federal and State constitutional claims with the exception of voter standing to prosecute their claim that chapters 5 and 124 violated NY Constitution, article VII, § 11. Supreme Court dismissed plaintiffs' remaining causes of action, rejecting their challenge to the constitutionality of State Finance Law § 123-b (1), and further finding that their surviving constitutional challenge to chapters 5 and 124 failed to state a cause of action because the bonds sold pursuant to the challenged statutory schemes would not constitute an obligation of the State within the meaning of NY Constitution, article VII, § 11, and plaintiffs failed to state a cause of action for violation of the Voting Rights Act of 1965 (42 USC § 1973) by failing to allege any facts which demonstrated that these rights had been adversely affected by defendants. In light of its dismissal of the complaint, Supreme Court found the Dormitory Authority's motion to intervene to be moot.

On appeal, plaintiffs focus on two arguments. First, they claim that the portion of State Finance Law § 123-b (1)[1] that excepts a bond issue or notes issued in anticipation thereof

---

1. State Finance Law § 123-b (1) reads as follows: "Notwithstanding any inconsistent provision of law, any person, who is a citizen taxpayer, whether or not such person is or may be affected or specially aggrieved by the activity herein referred to, may maintain an action for equitable or declaratory relief,

from legal challenges by citizen taxpayers is unconstitutional. Second, they claim that NY Constitution, article VII, § 16 requires a finding that the financial obligations arising from the implementation of chapters 5 and 124 are legally enforceable debts of the State, thus making both statutes violative of NY Constitution, article VII, § 11 which prohibits the contracting of State debts without a public referendum.

Plaintiffs argue that Supreme Court's dismissal of their attack on the constitutionality of State Finance Law § 123-b (1) is based upon the extension of erroneous decisions relating back to this Court's decision in *Schulz v State of New York* (185 AD2d 596, *appeal dismissed* 81 NY2d 336). In that case, this Court held that the provision excepting citizen taxpayer challenges to "revenue raising through State bond issues or anticipation notes is not a right of constitutional dimension * * * [and] in our view, effects no constitutional violation" (*id.*, at 597 [citation omitted]). While plaintiffs contend that *Wein v Comptroller of State of N. Y.* (46 NY2d 394) was incorrectly cited therein to support a finding that State Finance Law § 123-b (1) was constitutional, we specifically reject such contention, noting that this Court has repeatedly rejected similar claims attacking that statute's constitutionality (*see, Matter of Schulz v New York State Executive*, 233 AD2d 43, 44, *affd* 92 NY2d 1, *cert denied* 525 US 965; *Schulz v New York State Legislature*, 244 AD2d 126, 131, *appeal dismissed* 92 NY2d 946, *lv denied* 92 NY2d 818, *cert denied* 526 US 1115; *Matter of Schulz v New York State Legislature*, 278 AD2d 710). Plaintiffs have provided no new argument which would prompt us, much less require us, to change our position on this issue. Accordingly, Supreme Court properly dismissed plaintiffs' constitutional challenge to State Finance Law § 123-b (1).

Plaintiffs do make an attempt to escape the preclusive effects of our prior rulings by claiming common-law standing as citizens (as opposed to taxpayers) seeking judicial review. Plaintiffs maintain that State Finance Law § 123-b (1) is a "door closing" statute which prohibits citizens from, *inter alia*, asserting their fundamental State and Federal constitutional rights to petition the government for a redress of their griev-

---

or both, against an officer or employee of the state who in the course of his or her duties has caused, is now causing, or is about to cause a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property, *except that the provisions of this subdivision shall not apply to the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof by the state or any agency, instrumentality or subdivision thereof or by any public corporation or public benefit corporation*" (emphasis supplied).

ances, thus rendering it unconstitutional. However, to the extent that the plethora of cases on this point leave any doubt that citizens (as well as taxpayers) have been denied both statutory and common-law standing by the effect of the exception contained in State Finance Law § 123-b (1), we note that plaintiffs have also failed to show that they have suffered an "injury-in-fact" that has not been suffered by the citizenry at large (*see, Public Util. Law Project v New York State Pub. Serv. Commn.*, 252 AD2d 55, 59), which is a predicate for standing to seek judicial review (*see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773; *Matter of Gilkes v New York State Div. of Parole*, 192 AD2d 1041, 1042, *lv denied* 82 NY2d 654). Therefore, plaintiffs' contention that they have fundamental, common-law standing as citizens to attack the constitutionality of State Finance Law § 123-b (1) on State or Federal grounds (*see, Matter of Schulz v New York State Executive*, 92 NY2d 1, 7, *supra*) must be rejected.

Plaintiffs also press on appeal their argument that the plain language of NY Constitution, article VII, § 16 makes the bonds issued under chapters 5 and 124 legally enforceable debts of the State susceptible to an action by a bondholder to compel the State to make the required annual payments and, therefore, violative of NY Constitution, article VII, § 11. Defendants contend that the financing schemes at issue in this case are indistinguishable from numerous public funding statutes which have been repeatedly upheld by the Court of Appeals and this Court (*see, e.g., Comereski v City of Elmira*, 308 NY 248; *Wein v City of New York*, 36 NY2d 610; *Schulz v State of New York*, 84 NY2d 231, *cert denied* 513 US 1127; *Schulz v New York State Legislature*, 244 AD2d 126, *supra*). However, plaintiffs claim that no court has ever considered the effect of NY Constitution, article VII, § 16[2] in determining whether these types of financing arrangements create State debt, and argue that the

---

**2.** NY Constitution, article VII, § 16 reads, in pertinent part, as follows: "The legislature shall annually provide by appropriation for the payment of interest upon and installments of principal of all debts or refunding debts created on behalf of the state except those contracted under section 9 of this article, as the same shall fall due, and for the contribution to all of the sinking funds created by law, of the amounts annually to be contributed under the provisions of section 12, 13 or 15 of this article. If at any time the legislature shall fail to make any such appropriation, the comptroller shall set apart from the first revenues thereafter received, applicable to the general fund of the state, a sum sufficient to pay such interest, installments of principal, or contributions to such sinking fund, as the case may be, and shall so apply the moneys thus set apart. The comptroller may be required to set aside and apply such revenues as aforesaid, at the suit of any holder of such bonds."

plain language of this section of the State Constitution provides sufficient legal grounds to determine that chapters 5 and 124 are unconstitutional since its language nullifies any attempt under those statutes to disclaim the creation of State debt.

The text of chapters 5 and 124 contain the familiar disclaimers that any obligation arising from the legislation creating a new public authority (the Schenectady Metroplex Development Authority) or expanding the breadth of a currently existing public authority (the Dormitory Authority) are not debts of the State (*see, e.g.,* Public Authorities Law § 1680 [35] [c]; § 2669). Similar language that the Dormitory Authority bonds are not debts of the State appears in the "Official Statement" relating to a series of Dormitory Authority revenue bonds resulting from the new statute and the October 25, 1998 financing agreement between the Dormitory Authority and the Office of General Services, which recites that any State appropriation to the Office of General Services for payments to the Dormitory Authority for the use of the facilities to be constructed pursuant to the new legislation shall not be considered a debt of the State. We do not agree with plaintiffs' argument that the language of NY Constitution, article VII, § 16 would require this Court or the Court of Appeals to reconcile its holdings in any of the cases previously cited. Even when scrutinizing chapters 5 and 124 in light of the mandates of NY Constitution, article VII, § 16, we find that those laws create no debt on behalf of the State which may ripen into an enforceable right against the State on the part of any bondholder (*see, Schulz v State of New York,* 84 NY2d 231, 248-249, *supra*), leading us to conclude that their enactment did not violate that constitutional provision or any of the debt-limiting provisions of the NY Constitution.

Plaintiffs' remaining contentions have been reviewed and are found to be lacking in merit.

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.