◼ JOHN C. DILLENBURG, III, Individually and as Supervisor of Town of Arkwright, Respondent, v STATE OF NEW YORK et al., Appellants. [788 NYS2d 872]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered November 19, 2003. The order, insofar as appealed from, denied in part defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the second cause of action in its entirety and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and in his capacity as Supervisor of the Town of Arkwright, challenging the statutory scheme wherein the State of New York pays real property taxes or makes payments in lieu of taxes for lands it owns in certain municipalities but not in others. Defendants moved to dismiss the complaint on the ground that plaintiff lacks standing, both in his individual capacity and as supervisor. Supreme Court granted that part of defendants' motion "to the extent of dismissing any claims brought by plaintiff in his capacity as supervisor," and defendants contend on appeal that the court should have granted their motion in its entirety. We conclude that the court properly determined that plaintiff has standing as a citizen-taxpayer with respect to the first cause of action, alleging the violation of State Finance Law § 123-b (1), but erred in determining that he has standing as a citizen-taxpayer with respect to the second cause of action, alleging the violation of his due process rights pursuant to 42 USC § 1983.

With respect to the first cause of action, plaintiff in his capacity as a citizen-taxpayer "need not demonstrate an injury-in-fact to acquire standing" pursuant to section 123-b (1) (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert denied* 540 US 1017 [2003]). We reject defendants' contention that the allegations of the first cause of action do not fall within the ambit of that section. With respect to the second cause of action, however, we conclude that plaintiff failed to allege the requisite " 'injury-in-fact' that has not been suf-

fered by the citizenry at large" as a result of the allegedly inequitable tax consequences of the statutory scheme (*Schulz v New York State Legislature*, 281 AD2d 682, 685 [2001], *appeal dismissed* 96 NY2d 853 [2001]), and he failed to demonstrate that, as a citizen-taxpayer, he has incurred damages "different in kind and degree from the community generally" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]; *see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000]). We therefore modify the order by granting that part of defendants' motion seeking dismissal of the second cause of action in its entirety. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.