■ John C. Dillenburg, III, Respondent, v State of New York et al., Appellants. [865 NYS2d 437]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered November 19, 2007 in a citizen-taxpayer action pursuant to State Finance Law § 123-b. The judgment, inter alia, granted the motion of plaintiff for summary judgment and denied defendants' motion for summary judgment (18 Misc 3d 789 [2007]).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied, the declaration and permanent injunction are vacated, defendants' motion is granted and the amended complaint is dismissed.

Memorandum: Defendants appeal from a judgment in this citizen-taxpayer action pursuant to State Finance Law § 123-b declaring that defendant State of New York (State) has caused, is causing or is about to cause an unconstitutional disbursement of state funds by paying taxes or payments in lieu of taxes on state-owned land to taxing authorities within the State while not making such payments on state-owned land situated elsewhere in the State. In addition, the judgment enjoined defendants from paying taxes or making payments in lieu of taxes to those taxing authorities while not paying taxes or making payments in lieu of taxes on state-owned land that is "similarly situated." In a prior appeal, we determined that "plaintiff in his capacity as a citizen-taxpayer 'need not demonstrate an injury-in-fact to acquire standing' pursuant to section 123-b (1) [of the State Finance Law]" (*Dillenburg v State of New York,* 15 AD3d 967, 968 [2005]). We therefore affirmed the order on appeal insofar as it denied that part of defendants' motion seeking dismissal of the first cause of action, in which plaintiff in his individual capacity alleged the violation of State Finance Law § 123-b (1) (*id.*). Plaintiff resides in the Town of Arkwright wherein the State owns land on which it does not pay taxes (*see* RPTL 404 [1]; *see generally Van Brocklin v Tennessee,* 117 US 151, 175 [1886]), and he alleges herein that the disbursement of state funds for the payment of taxes or pay-

ments in lieu of taxes in municipalities where there is state-owned land similarly situated to the state-owned land located in the Town of Arkwright constitutes a violation of his equal protection rights under the New York State Constitution because he has a greater tax burden than taxpayers in other municipalities. We conclude that Supreme Court erred in granting plaintiff's motion seeking summary judgment and in denying defendants' motion seeking summary judgment dismissing the amended complaint.

It is axiomatic that a state has sovereign immunity from the obligation to pay taxes on land owned by it but that it nevertheless has the discretion to waive that immunity (see Van Brocklin, 117 US at 175). New York has done so under specified circumstances (see RPTL 532-534, 536). Although pursuant to State Finance Law § 123-b (1) a citizen-taxpayer may challenge what he or she believes to be an unconstitutional disbursement of state funds, here plaintiff in essence is alleging that the State has not exercised its discretion to waive its sovereign immunity with respect to the land it owns in the Town of Arkwright but that it has exercised that discretion with respect to land located in other municipalities (cf. Foss v City of Rochester, 65 NY2d 247, 257 [1985]; New York State Assn. of Small City School Dists., Inc. v State of New York, 42 AD3d 648, 650 [2007]; Childs v Bane, 194 AD2d 221, 225 [1993]). Because "the State's limited waiver of sovereign immunity [is a] matter[ ] of legislative discretion not amenable to an equal protection challenge" (Umansky v New York Metro. Tr. Auth., 111 AD2d 918, 919 [1985]; see generally Matter of Brown v Board of Trustees of Town of Hamptonburg, School Dist. No. 4, 303 NY 484, 489 [1952]), we grant defendants' motion seeking summary judgment dismissing the amended complaint. Present—Scudder, P.J., Martoche, Smith and Lunn, JJ. [See 18 Misc 3d 789 (2007).]